# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN ROY, | ) |
| Plaintiff | ) ) ) **Case No.:** |
| v. | ) ) **COMPLAINT AND DEMAND FOR** |
| DELL FINANCIAL SERVICES, | ) **JURY TRIAL** ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

DARREN ROY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DELL FINANCIAL SERVICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"); the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"); and Invasion of Privacy.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Also, jurisdiction over Plaintiff's State Law claims is established pursuant to 28 U.S.C. §1367(a).

4. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Columbia Cross Roads, Pennsylvania 16914.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as that term is defined by 73 P.S. §2270.3.

9. Defendant, Dell Financial Services, is a credit company with its principal place of business located at One Dell Way, Round Rock, Texas 78682.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant is a "creditor" as that term is defined by 73 P.S. §2270.3.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all pertinent times hereto, Defendant was attempt to collect a

consumer debt from Plaintiff.

14. The debt Defendant was seeking to collect, stemming from purchases of computers, arose out of transactions that were primarily for personal, family, or household purposes.

15. Beginning in or before September 2010, and continuing up through the time of this filing, Defendant called Plaintiff on a repetitive and continuous basis in its attempts to collect a debt.

16. During the relevant period, Defendant called Plaintiff on his home, cellular, and work telephones.

17. On numerous occasions, Defendant called Plaintiff as often as ten (10) times in a single day.

18. From September 2010, through the time of this filing, Defendant called Plaintiff over one thousand (1,000) times on his work telephone.

19. When contacting Plaintiff on his business telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

20. Plaintiff never consented to the placement of calls to his work telephone.

21. Plaintiff owns his own business, and as a part of his business he has a "1-800" business number.

22. Anytime a call is made to Plaintiff's "1-800" business number, Plaintiff is charged a fee.

23. Over the relevant period, Defendant's calls to Plaintiff's "1-800" number resulted in Plaintiff paying hundreds of dollars.

24. Plaintiff has never given Defendant explicit or implied consent to call him on his "1-800" business number and Defendant never obtained his consent to call that number.

25. Plaintiff has never given Defendant his "1-800" business number as a means for it to contact him.

26. Upon information and belief, Defendant retrieved Plaintiff's business number through "skip-tracing."

27. On numerous occasions, Plaintiff answered Defendant's calls to his business number, and told Defendant's collectors to stop calling him at that number.

28. Also, on other occasions, Plaintiff contacted Defendant and spoke with its collectors to instruct them to stop calling him on his business number.

29. Nevertheless, Defendant persisted in calling Plaintiff on his business number.

30. Having no other option, Plaintiff retained counsel, and on October 20, 2011, counsel sent Defendant a letter demanding that it stop calling Plaintiff on his

letter.  See Exhibit A, the October 20, 2011, letter to Defendant.

31. Defendant never acknowledged receipt of the letter or took Plaintiff's number off its call list; rather, it continued to contact Plaintiff, including calling him at his "1-800" business number, in its attempts to collect a debt.

32. Annoyed and harassed by Defendant's repeated calls, in January 2012, Plaintiff sent a second, certified letter to Defendant instructing that it stop calling his "1-800" business number.  See Exhibit B, USPS Return Receipt.

33. Defendant received this letter on February 6, 2012.  See Exhibit B.

34. Once again, Defendant failed to update its records to stop calling Plaintiff at his "1-800" business number.

35. Instead, Defendant continued to call Plaintiff on his business number.

36. Having now had to spend hundreds of dollars as a result of Defendant's continuous calls to his business number, Plaintiff had to retain counsel.

37. In response, the undersigned sent correspondence to Defendant on January 4, 2013, instructing Defendant that Plaintiff was represented by counsel and to cease and desist contacting him.  See Exhibit C, the January 4, 2013, letter to Defendant.

38. On January 8, 2013, Defendant received the letter of representation. See Exhibit D, the USPS Return Receipt.

39. Despite knowing that Plaintiff was represented by counsel, not to have any further contact with him, and to direct all future communications to his counsel, Defendant continued to call Plaintiff on his "1-800" business number.

40. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

### COUNT I

41. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

42. Defendant initiated multiple automated telephone calls to Plaintiff using a prerecorded voice.

43. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

44. Defendant's calls to Plaintiff were not made for emergency purposes.

45. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

46. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff into paying the debt.

47. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## DEFENDANT VIOLATED THE
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

## COUNT II

49. Plaintiff hereby incorporates all facts and allegations specified in all preceding paragraphs by reference as if fully set forth at length.

50. At all relevant times, Defendant was attempting to collect a "debt" as that term is defined by 73 P.S. §2270.3.

51. Defendant's conduct, outlined above, violated 73 P.S. §2270.4(4) as it had the natural consequences of harassing Plaintiff.

52. Defendant's conduct, outlined above, violated 73 P.S. §2270.4(4)(v) as it caused Plaintiff's telephone to ring or engaged Plaintiff in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

## DEFENDANT INVADED PLAINTIFF'S PRIVACY BY INTRUDING UPON HIS SECLUSION

## COUNT III

53. Plaintiff hereby incorporate all facts and allegations specified in all preceding paragraphs, by reference as if fully set forth at length.

54. By repeatedly calling Plaintiff, intentionally harassing Plaintiff, and calling Plaintiff repeatedly after receiving multiple written demands that it stop; Defendant intentionally intruded upon the solitude or seclusion of Plaintiff's private affairs.

55. Defendant's intrusion was highly offensive to a reasonable person.

56. Defendant's intrusion was intentional or committed with reckless disregard to Plaintiff's rights.

57. Defendant's intrusion would cause mental suffering, shame or humiliation to any person of ordinary sensibilities.

58. Plaintiff did in fact take serious offense to Defendant's intrusion into his solitude, resulting in extreme annoyance, embarrassment, shame and humiliation.

59. Plaintiff has suffered and continues to suffer damages as a direct and proximate result of Defendant's unlawful conduct complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARREN ROY, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A); 73 Pa. Stat. §201-9.2(a); and Pennsylvania common law;
   b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);
   c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);
   d. Statutory damages pursuant to 73 Pa. Stat. §201-9.2(a);
   e. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);
   f. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 73 Pa. Stat. §201-9.2(a);
   g. Punitive damages for Defendant's invasion of Plaintiff's privacy; and
   h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DARREN ROY, demands a jury trial in this case.

             RESPECTFULLY SUBMITTED,

Date: 03/21/2013      By: */s/ Craig Thor Kimmel*
             CRAIG THOR KIMMEL
             Attorney ID No. 57100
             Kimmel & Silverman, P.C.
             30 E. Butler Pike
             Ambler, PA 19002
             Phone: (215) 540-8888
             Fax: (877) 788-2864
             Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT