## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN ROY, | : |
| Plaintiff | : CIVIL ACTION NO.<br>: 3:13-cv-00738-ARC |
| v. | : (Judge A. Richard Caputo) |
| DELL FINANCIAL SERVICES, LLC, | : |
| Defendant. | : |

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT, DELL FINANCIAL SERVICES, LLC, TO DISMISS THE COMPLAINT OF PLAINTIFF, DARREN ROY, WITH PREJUDICE

Defendant, Dell Financial Services, LLC ("DFS"), by and through its undersigned counsel, Duane Morris LLP, respectfully submits this memorandum of law in support of its motion to dismiss the Complaint of plaintiff, Darren Roy ("Plaintiff"), filed on March 22, 2013 ("Complaint") in its entirety, with prejudice, for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................1

PROCEDURAL HISTORY....................................................................1

STATEMENT OF FACTS ....................................................................2

I.  Plaintiff's Allegations Regarding Calls from DFS to Plaintiff. .....................2

    A.  Plaintiff's Allegations Regarding Calls to Plaintiff's Home or Cellular Phone. ......................................................................2

    B.  Plaintiff's Allegations Regarding Calls to Plaintiff's "1-800" Business Phone....................................................................3

II.  Plaintiff's Complaint. ...............................................................3

ARGUMENT ....................................................................................4

I.  Legal Standard. .......................................................................4

II.  Count I of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6)........................................7

    A.  Plaintiff Fails to State a Claim Under the TCPA with Regard to Plaintiff's Business Phone...................................................7

    B.  Plaintiff Fails to State a Claim Under the TCPA with Regard to Plaintiff's Cellular and Residential Phones...........................8

    C.  Plaintiff Fails to State a Claim Under the TCPA with Regard to Any of Plaintiff's Phone Lines Fails as a Matter of Law...................10

    D.  Plaintiff's Claim Under the TCPA with Regard to Plaintiff's Cellular Phone Fails as a Matter of Law. ...........................13

III.  Count III of Plaintiff's Complaint for Invasion of Privacy by Intrusion Upon Seclusion Should Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6). ...........................................................14

A.     Plaintiff Fails to State a Claim for Invasion of Privacy by Intrusion Upon Seclusion with Regard to Plaintiff's Business Phone. ................................................................................................15

B.     Plaintiff Fails to State a Claim for Invasion of Privacy by Intrusion Upon Seclusion with Regard to Plaintiff's Cellular and Residential Phones........................................................................16

IV.     Count II and, Alternatively, Count III, Should Be Dismissed for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1). ...........................18

CONCLUSION ......................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

## Cases

*Amerex Envtl. Techs. Inc. v. Foster*, Civil Action No. 11-349, 2012 U.S. Dist. LEXIS 177074 (W.D. Pa. Dec. 14, 2012) ...................................................15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................5, 9, 16, 18

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..................................... 5, 9-10

*Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611 (3d Cir. 1992)...............................16

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256 (3d Cir. 2006) ...............................5

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ..........................................19

*ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998) ...........................11

*Fay v. UGI Utilities/Central Penn Gas*, No. 3:12-cv-627, 2012 U.S. Dist. LEXIS 136207 (M.D. Pa. Sept. 24, 2012).....................................................6, 19

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ......................................6

*Gager v. Dell Financial Services, LLC*, No. 3:11-CV-02115, 2012 U.S. Dist. LEXIS 73752 (M.D. Pa. May 29, 2012) (Mariani, J.).........................................12

*Harris v. Easton Pub. Co.*, 483 A.2d 1377 (Pa. Super. 1984)................................17

*Linko v. Am. Educ. Servs.*, No. 1:12-cv-355, 2012 U.S. Dist. LEXIS 58351 (M.D. Pa. Apr. 26, 2012) ...................................................................... 9, 11-12

*Meadows v. Franklin Collection* Servs., Inc., 414 Fed. App'x 230, 236 (11th Cir. 2011 ......................................................................................................12

*Nat'l Clearance Bureau v. Fed. Trade Comm'n*, 255 F.2d 102 (3d Cir. 1958) ......17

*O'Donnell v. United States*, 891 F.2d 1079 (3d Cir. 1989) ....................................14

*Osorio v. State Farm Bank*, No. 11-61880, 859 F. Supp. 2d 1326 (S.D. Fla. 2012) ...................................................................................................12

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ....................................4

*Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361 at n.7 (3d Cir. 2002) ........................4

*Reisinger v. Luzerne County*, 712 F. Supp. 2d 332 (M.D. Pa. 2010) .......................6

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181 (3d Cir. 2006) ........................6

*Turicentro v. Am. Airlines Inc.*, 303 F.3d 293 (3d Cir. 2002) ..................................6

*Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007) .............................................9

*Wallace v. MediaNews Group, Inc.*, Civil No. 1:12-CV-0872, 2013 U.S.
    Dist. LEXIS 7485 (M.D. Pa. Jan. 18, 2013) ...............................................15, 17

## Regulations

47 C.F.R. § 64.1200(a)(2)(iv) .................................................................................11

*In re of Rules and Regulations Implementing the Tel. Consumer Prot. Act of
    1991,* 23 FCC Rcd. 559 (Jan. 4, 2008) ...............................................................13

*In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of
    1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992).......................................................11, 13

## Statutes

28 U.S.C. § 1331 ....................................................................................................19

28 U.S.C. § 1367(a) ...............................................................................................19

47 U.S.C. § 227(b)(1)(B) ................................................................................ 4, 7-8, 11

## Rules

Fed. R. Civ. P. 8(a)...................................................................................................8

Fed. R. Civ. P. 12(b)(1)..........................................................................1-4, 6, 18-19

Fed. R. Civ. P. 12(b)(6)...............................................................1, 4-5, 7-9, 14, 18

## Secondary Sources

Restatement (Second) of Torts § 652B ..................................................................14

## INTRODUCTION

This memorandum of law supports the request by DFS that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice.   Each of Plaintiff's three alleged causes of action against DFS, one under federal law and two under Pennsylvania law, should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).   Should any state law claims remain in the event that Plaintiff's federal claim is dismissed, the remaining state law claims should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## PROCEDURAL HISTORY

On March 21, 2013, Plaintiff, Darren Roy, by and through his attorney Craig Thor Kimmel, Esquire, filed a legal action against DFS in this Honorable Court, docketed as Case Number 3:13-cv-00738-ARC, and issued a summons as to DFS. *See* Dkt. No. 1.

On April 24, 2013, DFS returned its Waver of Service of Summons to Plaintiff.  *See* Dkt. No. 4.

On May 21, 2013, DFS filed its Motion to Dismiss the Complaint of Plaintiff, Darren Roy, in its Entirety, with Prejudice (the "Motion").  *See* Dkt. No. 6.  DFS now respectfully submits this memorandum of law in support of its motion to dismiss.

## STATEMENT OF FACTS

DFS is a Texas limited liability company and a wholly owned subsidiary of Dell Inc. ("Dell").   DFS provides financing options to consumers, small businesses, and large corporations for products and services sold by Dell in the United States and Canada.   Plaintiff is a customer of Dell who applied for and received consumer financing, using it to purchase Dell products, including computers.  Complaint, ¶ 14.

## I.      Plaintiff's Allegations Regarding Calls from DFS to Plaintiff.

Plaintiff admits that he had become delinquent on his repayment obligations to DFS and states that DFS then attempted to collect the consumer debt owed by Plaintiff.  *Id.* ¶ 13.   Plaintiff claims that DFS called Plaintiff on a "repetitive and continuous" basis, starting in September 2010 in its attempt to collect the debt.  *Id.* ¶¶ 14-18.

### A.     Plaintiff's Allegations Regarding Calls to Plaintiff's Home or Cellular Phone.

Plaintiff makes only a single allegation in his entire Complaint specifically referencing his cellular or home phone.  *Id.* ¶ 16.  Plaintiff's Complaint contains no factual details as to the frequency, timing, or content of any alleged calls made to his home and/or cellular phones.

## B.    Plaintiff's Allegations Regarding Calls to Plaintiff's "1-800" Business Phone.

The remaining allegations in Plaintiff's Complaint are either general, *i.e.*, mentioning no specific phone line at all, or specifically allege that DFS called Plaintiff to collect the consumer debt on his "1-800" business phone number. *Id.* ¶¶ 17-40. Plaintiff admits that the "1-800" business phone number is part of a business he owns, and that he is charged a fee anytime a call is placed to that number. *Id.* ¶¶ 21-22.

Plaintiff alleges that the calls made to his business phone were made using an automatic telephone dialing system and automatic and/or pre-recorded messages. *Id.* ¶ 19. Although Plaintiff admits to having applied for and received a credit account with DFS, Plaintiff alleges that he never consented to the placement of calls to his work telephone, that he never gave the number to DFS as a means for DFS to contact him, and alleges (without any further detail) that DFS retrieved Plaintiff's business number through "skip-tracing." *Id.* ¶¶ 24-26.

## II.    Plaintiff's Complaint.

Plaintiff's Complaint alleges three causes of action: (i) that DFS violated the Telephone Consumer Protection Act (*Id.* ¶¶ 41-48); (ii) that DFS violated the Pennsylvania Fair Credit Extension Uniformity Act (*Id.* ¶¶ 49-52); and (iii) that DFS invaded Plaintiff's privacy by intruding upon his seclusion (*Id.* ¶¶ 53-59).

## QUESTIONS PRESENTED

Should Plaintiff's Complaint be dismissed in its entirety, with prejudice, for failure to state a claim pursuant to Rules 12(b)(1) and/or 12(b)(6)?

**Suggested Answer:  Yes.**

## ARGUMENT

Plaintiff's Complaint should be dismissed in its entirety, with prejudice, for failure to state a claim pursuant to Rule 12(b)(6).  Count I of Plaintiff's Complaint, made under the Telephone Consumer Protection Act, 47 U.S.C. § 227, should be dismissed because it fails to state a claim.  Count III of Plaintiff's Complaint for alleged invasion of privacy by "intrusion upon seclusion" should also be dismissed for failure to state a claim upon which relief can be granted.  In addition, Count II and Count III (if not already dismissed) should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## I.    **Legal Standard.**

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 at n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court considers only the allegations in the complaint, as well as

4

"documents that are attached or submitted with the complaint, … and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Federal Rule of Civil Procedure 12(b)(6) authorizes, indeed mandates, the dismissal of a plaintiff's complaint that lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (emphasis added). Under the approach explained in *Twombly*:

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts …

> This plausibility determination will be a context-specific task that
> requires the reviewing court to draw on its judicial experience and
> common sense.

*Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 344 (M.D. Pa. 2010) (Conaboy,

J.) (emphasis added) (internal citations and quotation omitted) (quoting *Fowler v.

UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)).

"Rule 12(b)(1) mandates dismissal of the complaint when the Court 'lack[s]

subject-matter jurisdiction.'" *Fay v. UGI Utilities/Central Penn Gas*, No. 3:12-cv-

627, 2012 U.S. Dist. LEXIS 136207, at *4 (M.D. Pa. Sept. 24, 2012) (Munley, J.)

(quoting Fed. R. Civ. P. 12(b)(1)). "In determining whether the court has subject-

matter jurisdiction, the court must decide 'whether the allegations on the face of

the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the

district court.'" *Id.* at *4-5 (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458

F.3d 181, 188 (3d Cir. 2006)).

> Challenges to subject matter jurisdiction under Rule 12(b)(1) may be
> 'facial' or 'factual.' A facial attack serves to 'contest the sufficiency
> of the pleadings, and the trial court must accept the complaint's
> allegations as true.' If the attack is factual, the court 'accords
> plaintiff's allegations no presumption of truth. In a factual attack, the
> court must weigh the evidence relating to jurisdiction, with discretion
> to allow affidavits, documents, and even limited evidentiary hearings.'

*Id.* at *4-5 (quoting *Turicentro v. Am. Airlines Inc.*, 303 F.3d 293, 300 n.4 (3d Cir.

2002)).

6

## II.     Count I of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6).

Count I of Plaintiff's Complaint, made under the Telephone Consumer Protection Act, 47 U.S.C. § 227, should be dismissed because it fails to state a claim.   The TCPA sets forth differing restrictions on the use of automated telephone equipment depending on whether calls are made to a wireless phone (*see* 47 U.S.C. § 227(b)(1)(A)(ii), a residential phone (*see* 47 U.S.C. § 227(b)(1)(B)), or a business phone (*see* 47 U.S.C. § 227(b)(1)(D)).   Although Plaintiff alleges that DFS called his home, cellular, and work telephones, the Complaint does not specify under which provision of the TCPA Count I is being made.   *See* Complaint, ¶¶ 16, 41-48.   Notwithstanding Plaintiff's intentional vagueness, under any relevant provision of the TCPA, Plaintiff fails to state a claim with regard to calls allegedly made by DFS to his business phone, his cellular phone, and/or his residential phone.

### A.     Plaintiff Fails to State a Claim Under the TCPA with Regard to Plaintiff's Business Phone.

Count I of Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim under the TCPA with regard to any alleged calls made to his business phone.   The TCPA contains only a single provision regarding calls made to business phone lines using an automatic telephone dialing system, prohibiting only such calls made "in such a way that *two or more telephone lines* of a multi-

line business are engaged simultaneously." 47 U.S.C. § 227(b)(1)(D) (emphasis added). Plaintiff alleges calls made to his business telephone line, but neither Plaintiff's Complaint nor any of his exhibits ever mention a second business telephone line. *See,* Complaint, ¶¶ 18-40 and Exhibits A-D. Even if accepted as true, the allegations in the Complaint regarding calls allegedly made by DFS to Plaintiff's *one* business telephone line could not, as a matter of law, support a conclusion that DFS violated 47 U.S.C. § 227(b)(1)(D) by engaging two or more telephone lines of a multi-line business simultaneously.[1] Therefore, to the extent Plaintiff's claim under the TCPA concerns calls allegedly made by DFS to Plaintiff's one business phone, Count I of Plaintiff's Complaint should be dismissed with prejudice.

**B.  Plaintiff Fails to State a Claim Under the TCPA with Regard to Plaintiff's Cellular and Residential Phones.**

Likewise, Count I of Plaintiff's Complaint should be dismissed because it is utterly devoid of any facts that support a TCPA claim based on calls to Plaintiff's cellular or residential telephone. "A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a) … [which] requires

---

[1]     Plaintiff's allegations regarding prior express consent to call his business telephone line, and the letter purportedly sent to DFS asking DFS to stop calling him on his business phone, are irrelevant to any claim under 47 U.S.C. § 227(b)(1)(D). The TCPA provision concerning business phone lines is 47 U.S.C. § 227(b)(1)(D), which  does not contain a provision regarding prior express consent.

that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Linko v. Am. Educ. Servs.*, No. 1:12-cv-355, 2012 U.S. Dist. LEXIS 58351, at *5 (M.D. Pa. Apr. 26, 2012) (Jones, J.) (quoting *Twombly*, 550 U.S. at 555). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at *4-5 (quoting *Iqbal*, 556 U.S. at 678). In addition, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level.'" *Id.* (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007)). Accordingly, to satisfy the plausibility standard, the Complaint must indicate that DFS's liability is more than a "sheer possibility." *See id.* (quoting *Iqbal*, 556 U.S. at 678).

Here, only one paragraph in Plaintiff's entire Complaint (¶ 16) alleges that calls were made to any other telephone line than Plaintiff's business phone. *See* Complaint, ¶ 16 ("During the relevant period, Defendant called Plaintiff on his home, cellular, and work telephones."). This lone allegation, without more, is far too general to raise a right to relief under the TCPA above the speculative, if not highly speculative, level. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

9

line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).   Accordingly, Count I should be dismissed with prejudice.

To the extent Plaintiff's claim under the TCPA with regard to his cellular and residential phone numbers is not dismissed for failure to provide sufficient factual allegations, Count I nevertheless fails as a matter of law.  First, Count I fails as a matter of law with regard to Plaintiff's residential phone because such calls are excepted from the prohibitions of the TCPA due to the "established business relationship" between Plaintiff and DFS.  In addition, Count I fails as a matter of law with regard to Plaintiff's cellular phone because Plaintiff fails support his conclusion that he did not provide "prior express consent" to receive such calls.

### C.   Plaintiff Fails to State a Claim Under the TCPA with Regard to Any of Plaintiff's Phone Lines Fails as a Matter of Law.

To the extent Count I is not dismissed for lack of factual allegations, such claim fails as a matter of law regardless of the phone line called.  Whether the called line was the business, cellular, or residential phone, Plaintiff provided prior express consent by providing the numbers to DFS.  In addition, DFS would be exempt from liability under the TCPA due to the established business relationship with Plaintiff.  Finally, DFS would not be liable for the alleged calls under the

TCPA because the calls were made for the purpose of debt collection, and are not subject to the separate telemarketing prohibitions.

"The TCPA was enacted with the privacy-protective purpose of dealing with 'common-nuisance telemarketing.'" *Linko*, 2012 U.S. Dist. LEXIS 58351, at *7 (quoting *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 514 (3d Cir. 1998)).

> Section 227 of the TCPA provides that it shall be unlawful for any person to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B). Section 227(b)(2) permits the FCC to issue orders and regulations exempting certain communications from the prohibitions of Section 227(b)(1)(B).

*Id.* at *7-8 (citing 47 U.S.C. § 227(b)(1)(B)). "[C]alls made to a party with whom the caller had an established business relationship are exempt from the TCPA's prohibitions against automated and prerecorded messages." *Id.* at *8 (citing 47 C.F.R. § 64.1200(a)(2)(iv)).

> Further, the FCC has ruled that debt collection circumstances necessarily 'involve a prior or existing business relationship.' It further concluded that such calls 'are exempt from the TCPA's prohibitions against prerecorded message calls because they are commercial calls which do not convey an unsolicited advertisement and do not adversely affect residential subscriber rights.'

*Id.* (quoting *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8771-72 (Oct. 16, 1992)).

As this Court has stated "[u]nder the TCPA, 'as clearly stated in the December 28, 2007 FCC Declaratory Ruling, calls regarding debt collection or to recover payment are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *Gager v. Dell Financial Services, LLC*, No. 3:11-CV-02115, 2012 U.S. Dist. LEXIS 73752, at *17 (M.D. Pa. May 29, 2012) (Mariani, J.) (quoting *Osorio v. State Farm Bank*, No. 11-61880, 859 F. Supp. 2d 1326, 1331 (S.D. Fla. 2012). "The FCC has 'unequivocally stated' that 'calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing' and 'calls regarding debt collection … are not subject to the TCPA's separate restrictions on 'telephone solicitations.'" *Id.* (quoting *Meadows v. Franklin Collection* Servs., Inc., 414 Fed. App'x 230, 236 (11th Cir. 2011)).

Here, Plaintiff admits that DFS was engaged in debt collection activity and contacted him for the purpose of collection of the legitimated and outstanding debt owed to DFS.  *See* Complaint, ¶¶ 13-14.  Thus, the alleged contact of Plaintiff by DFS "falls squarely within the ambit of the TCPA's long-established exemption for debt collection services." *Linko*, 2012 U.S. Dist. LEXIS 58351, at *7. Accordingly, Plaintiff's TCPA claim with regard to any of Plaintiff's phone lines fails as a matter of law and should be dismissed with prejudice.

### D.       Plaintiff's Claim Under the TCPA with Regard to Plaintiff's Cellular Phone Fails as a Matter of Law.

Likewise, Count I of Plaintiff's Complaint should be dismissed as to any alleged calls made to his cellular phone because he provided prior express consent to DFS, and the calls made by DFS were made in connection with the collection of debt for which Plaintiff provided his wireless number to DFS.

The FCC has clearly stated that, "[b]ecause we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party, we clarify that such calls are permissible." *In re of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 FCC Rcd. 559, 564 at ¶ 9 (2008). "We conclude that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." *Id.* The FCC also clearly stated that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Id.* (quoting 7 FCC Rcd. at 8769, ¶ 31 (Jan. 4, 1992)).

Plaintiff readily admits that "Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent" without specifying to which phone line he is referring, and without providing any other factual support for his legal conclusion.

*Compare* Complaint, ¶ 45 ("Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent") *with* ¶ 20 ("Plaintiff never consented to the placement of calls *to his work phone*." (emphasis added)).   Accordingly, because Plaintiff has failed to adequately allege that he did not provide prior express consent with regard to his *cellular* phone, Count I should be dismissed with prejudice.

**III.  Count III of Plaintiff's Complaint for Invasion of Privacy by Intrusion Upon Seclusion Should Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6).**

Count III of Plaintiff's Complaint, for the alleged invasion of Plaintiff's privacy by intrusion upon seclusion should be dismissed for failure to state a claim upon which relief can be granted.   Under Pennsylvania law for the tort of intrusion upon seclusion, "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy."   *O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989) (citing Restatement (Second) of Torts § 652B) (affirming dismissal of former employee's invasion of privacy claim for intrusion upon seclusion because intentional intrusion could only occur when an actor believes he lacks the necessary permission to commit an intrusive act).   "A claim for intrusion upon seclusion must meet the following elements: (1) intentional intrusion, (2) upon private concerns, (3) which was substantial and would be

highly offensive to a reasonable person, and (4) which caused mental suffering, shame, or humiliation." *Wallace v. MediaNews Group, Inc.*, Civil No. 1:12-CV-0872, 2013 U.S. Dist. LEXIS 7485, at *10-11 (M.D. Pa. Jan. 18, 2013) (Rambo, J.) (citing *Amerex Envtl. Techs. Inc. v. Foster*, Civil Action No. 11-349, 2012 U.S. Dist. LEXIS 177074 (W.D. Pa. Dec. 14, 2012)).   Under this analysis, Count III of Plaintiff's Complaint should be dismissed, with prejudice.

> ### A.   Plaintiff Fails to State a Claim for Invasion of Privacy by Intrusion Upon Seclusion with Regard to Plaintiff's Business Phone.

To the extent Plaintiff bases his intrusion upon seclusion claim on allegations regarding calls to his cellular and/or residential telephones (Plaintiff does not specify which), the Complaint fails to state a claim by lacking any factual allegations that would allow the Court to reasonably draw an inference that DFS is liable for the misconduct alleged.   In Count III of the Complaint, Plaintiff merely states a vague legal conclusion that DFS is liable for intrusion upon seclusion "[b]y repeated calling Plaintiff … and calling Plaintiff repeatedly after receiving multiple written demands that it stop."   However, the lone allegation in the Complaint regarding his cellular and residential phone lines contains no assertion that he was repeatedly called on those specific phone lines. *See* Complaint, ¶ 16 ("During the relevant period, Defendant called Plaintiff on his home, cellular, and work telephones.").   Additionally, Plaintiff has not alleged that he demanded that DFS

stop calling his cellular or residential phone lines. In fact, the letters included as exhibits to the Complaint reference only Plaintiff's "1-800" business phone number. *See* Complaint, Exhibits A and C. Under *Iqbal*, this Honorable Court need not accept such legal conclusions as true. *Iqbal*, 556 U.S. at 678. Accordingly, to the extent Count III is based on alleged calls made to Plaintiff's cellular and/or residential phones, the claim should be dismissed with prejudice.

### B. Plaintiff Fails to State a Claim for Invasion of Privacy by Intrusion Upon Seclusion with Regard to Plaintiff's Cellular and Residential Phones.

Count III also fails as a matter of law to the extent that Plaintiff bases his claim for intrusion upon seclusion on allegations regarding calls to his business phone because Plaintiff's allegations, even if accepted as true, fail to meet any of the elements for a claim of intrusion upon seclusion under Pennsylvania law. Plaintiff's allegations fail to meet the first and second elements of the tort of invasion of privacy for intrusion upon seclusion, namely (i) the intentional intrusion (ii) upon private concerns. Such intrusion may be alleged by indicating a defendant's "(1) physical intrusion into a place where the plaintiff has secluded himself or herself; (2) use of the defendant's senses to oversee or overhear the plaintiff's private affairs; or (3) some other form of investigation or examination into plaintiff's private concerns." *Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611,

622 (3d Cir. 1992) (citing *Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1383-84 (Pa. Super. 1984)).

Here, Plaintiff has not alleged either a physical intrusion by DFS, or that DFS used its senses to oversee or overhear his private affairs.  Instead, Plaintiff has alleged that DFS repeatedly called him on his business phone (a "1-800" number), that DFS obtained his "1-800" business number through "skip-tracing," and that he instructed DFS to stop calling his business number.  *See* Complaint, ¶¶ 16-40. Skip tracing can be considered a form of investigation that could amount to intrusion.  *See Nat'l Clearance Bureau v. Fed. Trade Comm'n*, 255 F.2d 102, 102 (3d Cir. 1958) (recognizing the practice of "skip tracing" as the use of forms, cards, and envelopes, designed to obtain information about delinquent debtors). However, in this case, such an allegation does not amount to intrusion upon seclusion because, even if DFS had utilized skip-tracing to obtain Plaintiff's 1-800 number (which DFS specifically denies), one can hardly characterize a 1-800 number as "private" or "secluded."  To the contrary, a "1-800" number is a toll-free business number made open to the public and is created specifically to solicit calls to that number from the public by making such calls free of any charges to the calling party.  In addition, a business can hardly be called a "private place," so DFS cannot be liable for intrusion upon seclusion for calls made to a business number.  *See, e.g.*, *Wallace*, 2013 U.S. Dist. LEXIS 7485, at *11 (holding that

17

defendants who had published plaintiff's picture in the newspaper were not subject to liability for intrusion upon seclusion because they had not invaded a private place).

Plaintiff also fails to meet the third and fourth elements of the tort of intrusion upon seclusion because the discovery of Plaintiff's 1-800 number cannot be characterized as an action that is "highly offensive to the ordinary reasonable person" which caused "mental suffering, shame, or humiliation."   Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet the plausibility standard to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.  Here, Plaintiff's mere citation of the elements of the alleged tort fail to support his threadbare legal conclusions. *See* Complaint, ¶¶ 41-48.  Accordingly, Count III of Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

## IV.   Count II and, Alternatively, Count III, Should Be Dismissed for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1).

Should this Honorable Court dismiss Count I of Plaintiff's Complaint (Plaintiff's sole federal law claim), the Court should also dismiss all remaining (state law) claims (*i.e.*, Count II of Plaintiff's Complaint, and—if not already dismissed for failure to state a claim pursuant to Rule 12(b)(6)—Count III of Plaintiff's Complaint) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

18

Federal Rule of Civil Procedure 12(b)(1) mandates dismissal of the Complaint when the Court "lack[s] subject-matter jurisdiction." *Fay*, 2012 U.S. Dist. LEXIS 136207, at *4 (quoting Fed. R. Civ. P. 12(b)(1)). "This court may decline to exercise supplemental jurisdiction over state law claims if [it] dismiss[es] all claims over which [it] ha[s] original jurisdiction." *Id.* at *11 (citing 28 U.S.C. § 1367(c)(3)). "Where litigation is in its early stages and the complaint asserts federal question jurisdiction, the district court has 'a powerful reason to choose not to continue to exercise jurisdiction.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

Here, Count I is Plaintiff's sole federal law cause of action, and Plaintiff has only asserted that this Honorable Court has federal question jurisdiction over the claim, pursuant to 28 U.S.C. § 1331. Complaint, ¶ 2. Plaintiff's two remaining claims—Count II (for alleged violation of the Pennsylvania Fair Credit Extension Uniformity Act) and Count III (for alleged invasion of Plaintiff's privacy by intruding upon his seclusion)—are state law claims, over which Plaintiff contends this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Should this Honorable Court dismiss Count I of Plaintiff's Complaint, only state law claims will remain, and therefore no claim will remain over which the Court has original jurisdiction. And, because this litigation is in its early stages, if Plaintiff's sole federal cause of action (which was asserted pursuant only to federal question

jurisdiction) is dismissed, this Court should to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.   Accordingly, DFS respectfully requests this Court to dismiss Count II of Plaintiff's Complaint, and, to the extent it is not dismissed for failure to state a claim, Count III of Plaintiff's Complaint, with prejudice.

## CONCLUSION

For all of the foregoing reasons, Defendant, Dell Financial Services, LLC, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and with prejudice.


Dated:  June 4, 2013                    Respectfully submitted,

                                        **DUANE MORRIS** LLP


                                        /s/Anthony L. Gallia
                                        Anthony L. Gallia (PA 86029)
                                        30 South 17th Street
                                        Philadelphia, PA  19103-4196
                                        Tel.: 215.979.1127
                                        Fax: 215.689.4919
                                        algallia@duanemorris.com

                                        *Attorney for Defendant*
                                        *Dell Financial Services, LLC*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN ROY, | : |
| | : |
| Plaintiff | : CIVIL ACTION NO. |
| | : 3:13-cv-00738-ARC |
| v. | : |
| | : (Judge A. Richard Caputo) |
| DELL FINANCIAL SERVICES, LLC, | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF WORD COUNT PURSUANT TO LR 7.8(b)(2)

I, Anthony L. Gallia, hereby certify that, pursuant to the word count feature of Microsoft Word, the foregoing Memorandum of Law in Support of the Motion of Defendant, Dell Financial Services, LLC, to Dismiss the Complaint of Plaintiff, Darren Roy, With Prejudice, complies with the word-count limit described in LR7.8(b)(2), as the relevant number of words therein totals 4,743.

Dated:  June 4, 2013

/s/Anthony L. Gallia
Anthony L. Gallia (PA 86029)
30 South 17th Street
Philadelphia, PA  19103-4196
Tel.: 215.979.1127
Fax: 215.689.4919
algallia@duanemorris.com

*Attorneys for Defendant*
*Dell Financial Services, LLC*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN ROY, | : |
| | : |
| Plaintiff | : CIVIL ACTION NO. |
| | : 3:13-cv-00738-ARC |
| v. | : |
| | : (Judge A. Richard Caputo) |
| DELL FINANCIAL SERVICES, LLC, | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Anthony L. Gallia, hereby certify that, on this 4th day of June, 2013, a true and correct copy of the foregoing Memorandum of Law in Support of the Motion of Defendant, Dell Financial Services, LLC, to Dismiss the Complaint of Plaintiff, Darren Roy, With Prejudice, and any attachments thereto, were electronically filed with the Court and are available for viewing and downloading from the ECF System. All counsel of record were served via electronic notification.

Dated: June 4, 2013

/s/Anthony L. Gallia
Anthony L. Gallia (PA 86029)
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: 215.979.1127
Fax: 215.689.4919
algallia@duanemorris.com

*Attorneys for Defendant*
*Dell Financial Services, LLC*