# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN ROY, | CIVIL ACTION NO. 3:13-CV-738 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| DELL FINANCIAL SERVICES, LLC, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is a Motion to Dismiss (Doc. 6) filed by Defendant Dell Financial Services, LLC ("DFS"). This action stems from phone calls made by DFS to Plaintiff Darren Roy's "1-800" business number to collect a consumer debt he incurred. Roy claims that DFS has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §§ 2270.1, *et seq.*; and his state law right to privacy by intrusion upon seclusion. (Doc. 1.) DFS moves to dismiss Roy's TCPA claim for failure to state a claim and his state law claims for lack of subject matter jurisdiction. (Doc. 6.) For the reasons below, DFS's motion will be granted.

## **BACKGROUND**

### I. Factual Allegations

Roy alleges the following in his Complaint (Doc. 1):

Since September 2010, DFS, a credit company,[1] has called Roy on a repetitive and continuous basis, as often as ten times per day, in its attempt to collect a consumer debt

---

[1] DFS is a Texas limited liability company and a wholly owned subsidiary of Dell Inc. (Doc. 7 at 1.)

from him. (*Id.* at ¶¶ 13, 15, 17.)  The debt stemmed from Roy's purchase of computers that were primarily used for personal purposes.  (*Id.* at ¶ 14.)  DFS, using an automatic telephone dialing system and automatic or pre-recorded messages, has called Roy over 1,000 times at his "1-800" work telephone number without his consent.[2] (*Id.* at ¶¶ 18–20.) Roy owns his own business and uses the "1-800" number as part of his business.  (*Id.* at ¶ 21.)  He is charged a fee whenever a call is made to the "1-800" number and has paid hundreds of dollars in fees due to DFS's calls. (*Id.* at ¶¶ 22–23.)  Because Roy has neither consented to DFS calling him on his "1-800" number nor given the number to DFS as a means of contacting him, he believes that DFS obtained the number through "skip tracing." (Doc. 1 at ¶¶ 24–26.)

Roy has answered DFS's calls on numerous occasions and told DFS to refrain from calling him at his "1-800" number.  (*Id.* at ¶ 27.)  He has also called DFS and instructed them to stop calling him at his "1-800" number."  (*Id.* at ¶ 28.)  Although Roy, through his counsel, sent DFS cease and desist letters via certified mail in October 2011, January 2012, and January 2013, DFS has continued to call him on his "1-800" number.  (*Id.* at ¶¶ 30–40.)

By repeatedly calling Roy's "1-800" number without his consent, DFS has violated the TCPA, FCEUA, and his state law right to privacy by intrusion upon seclusion. (Doc. 1.)

## II. Procedural History

Roy instituted this action by filing his Complaint on March 21, 2013.  (Doc. 1.)  DFS moved to dismiss the Complaint on May 21, 2013.  (Doc. 6.)  The motion has been fully briefed and is ripe for disposition.

---

[2] Roy asserts that DFS has called him on his "1-800" number at least eighty-five more times between March 30, 2013 and June 24, 2013.  (Doc. 11 at 4.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn*

*Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## ANALYSIS

### I. TCPA Claim – Count I

The TCPA was "[e]nacted in 1991 as part of the Federal Communications Act" to "deal with an increasingly common nuisance—telemarketing." *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 514 (3d Cir. 1998). Roy claims that DFS's unauthorized and repeated calls to his "1-800" number violate the TCPA, which, in pertinent part, states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, to make any call (other than a call made for emergency purposes or made with the prior express content of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular phone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).[3] Roy alleges that DFS has called his "1-800" number using an automatic telephone dialing system or pre-recorded messages over 1,000 times without his consent since September 2010. (Doc. 1 at ¶¶ 15, 18–20, 24–25.) He also alleges that he is charged a fee any time a call is made to his "1-800" number. (*Id.* at ¶ 22.) Roy further alleges that these calls were an attempt to collect consumer debt from him which he incurred by purchasing computers that were primarily used for personal

---

[3]  Roy has specified in his brief in opposition to DFS's motion to dismiss that § 227(b)(1)(A)(iii) is the provision applicable to his TCPA claim. (Doc. 9 at 6.)

purposes.  (*Id.* at ¶¶ 13–14.)  However, "the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage."  *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011); *see also Gager v. Dell Fin. Serv., LLC*, No. 11–CV–2115, 2012 WL 1942079, at *6 (M.D. Pa. May 29, 2012) ("The FCC has 'unequivocally stated' that 'calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing' and 'calls regarding debt collection . . . are not subject to the TCPA's separate restrictions on 'telephone solicitations.'") (quoting *Meadows*, 414 F. App'x at 236).  Accordingly, Roy's TCPA claim will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

In addition, Roy's request to file an amended complaint will be denied.  Although leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), denial of leave to amend is appropriate where amendment would be futile. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Here, as an amendment to the Complaint would not alter the fact that Roy cannot state a claim upon which relief could be granted under the TCPA, amendment would be futile. Roy's TCPA claim will therefore be dismissed with prejudice.

## II.  State Law Claims – Counts II and III

Roy's remaining claims are his state law FCEUA and intrusion upon seclusion claims.  District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C.

6

§ 1367(a).  A district court may refuse to exercise such jurisdiction where, as in the instant case, it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In fact, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Here, there is no affirmative justification for exercising supplemental jurisdiction beyond any ordinary inconvenience associated with dismissal on this ground.  Therefore, as Roy's TCPA claim, the sole basis of the Court's jurisdiction under 28 U.S.C. § 1331 in this action, will be dismissed with prejudice, the Court will decline to exercise supplemental jurisdiction over his remaining state law claims.  These claims will be dismissed without prejudice to allow Roy to re-file them in state court if he so desires.

## **CONCLUSION**

For the above stated reasons, DFS's Motion to Dismiss (Doc. 6) will be granted and Roy's Complaint (Doc. 1) will be dismissed.  An appropriate Order follows.


July 12, 2013                                            /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                  United States District Judge